# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO LYNN RUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC; et al.,<br><br>Defendants. | CASE NO. 11cv1242 DMS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 3]** |

This case comes before the Court on Defendant Ocwen Loan Servicing, LLC's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants the motion.

## I.
## BACKGROUND

This case concerns the real property located at 3212-3214 Newton Avenue, San Diego, California. On July 3, 2006, Scotty and Jeanne G. Schuetz, refinanced their loan on the property. (Compl. ¶ 6.) In March 2009, the lender filed a Notice of Default and Election to Sell Under Deed of Trust against the Schuetzes' property. (Compl., Ex. B.) Thereafter, the Schuetzes deeded the property to Plaintiff pursuant to a Grant Deed. (Compl. ¶6, Ex. D.) The property was subsequently scheduled for a trustee's sale on January 10, 2011. (Compl., Ex. C.) It appears that sale has yet to occur.

///

On April 28, 2011, Plaintiff filed the present case in San Diego Superior Court against Defendant Ocwen Loan Servicing, LLC ("Defendant") and Regional Service Corporation. In the Complaint, Plaintiff alleges the following claims for relief: (1) violation of California Civil Code § 2923.5, (2) fraud, (3) intentional misrepresentation, (4) violation of California Civil Code § 2923.6, (5) violation of California Civil Code § 1572, (6) violation of California Business and Professions Code § 17200, and (7) violation of the Truth in Lending Act ("TILA"). Defendant removed the case to this Court on June 6, 2011. The present motion followed.

## II.

## DISCUSSION

Defendant moves to dismiss the Complaint in its entirety. It argues each of Plaintiff's claims fails to state a claim for relief.[1]

**A.   Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

/ / /

---

[1] Defendant moves to dismiss Plaintiff's TILA claim, but it is not named as a defendant on that claim. Accordingly, the Court declines to address Defendant's arguments for dismissal of that claim.

In this case, the Court approaches its task of deciding the motion to dismiss while keeping in mind the admonition from the Supreme Court that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations omitted). That Plaintiff is proceeding *pro se* does not relieve Defendant of its burden to show that dismissal is appropriate. *See Abbey v. Hawaii Employers Mutual Ins. Co.*, No. 09-000545 SOM/BMK, 2010 WL 4273111, at *4 (D. Hawaii Oct. 22, 2010) (stating that although pro se complaint "is not a model of clarity," defendant bears burden of persuading court that dismissal is warranted). Furthermore, "a motion to dismiss is not the appropriate procedural vehicle to test the *merits* of Plaintiff's FAC and the claims asserted therein." *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, at *4 (E.D. Cal. Aug. 23, 2010) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Rather, on a motion to dismiss the Court's review is limited to determining whether the factual allegations in the complaint state a plausible claim for relief.

**B.   California Civil Code § 2923.5**

Plaintiff's first claim alleges Defendants violated California Civil Code § 2923.5. Defendant argues this claim must be dismissed because the evidence demonstrates it complied with the statute. (*See* Req. for Judicial Notice in Supp. of Mot., Ex. 3.)[2] The Notice of Default and Election to Sell Under Deed of Trust states: "Pursuant to California Civil Code Section 2923.5, the mortgagee, beneficiary, or authorized agent has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." (*Id.* at 1.) Plaintiff does not dispute this evidence, nor does he raise a specific argument against dismissal of this claim. Accordingly, the Court grants the motion to dismiss this claim.

/ / /

---

[2] The Court takes judicial notice of this document pursuant to Federal Rule of Evidence 201. *See Johnson v. Bank United F.S.B.*, No. 2:10-cv-02567-GEB-KJM, 2010 WL 5287551, at *2 (E.D. Cal. Dec. 17, 2010) (taking judicial notice of Notice of Default and Election to Sell under Deed of Trust).

/ / /

**C.     Fraud/Intentional Misrepresentation/California Civil Code § 1572**

Plaintiff's second, third and fifth claims allege fraud, intentional misrepresentation and violation of California Civil Code § 1572,[3] respectively. Defendant argues these claims should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b), and for failure to allege causation.

A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations in the Complaint do not meet this standard. Absent compliance with Rule 9(b), the Court grants the motion to dismiss these claims.[4]

**D.     California Civil Code § 2923.6**

Plaintiff's fourth claim alleges a violation of California Civil Code § 2923.6. Defendant argues this claim must be dismissed because the statute does not provide a private right of action, and because it imposes no duty on Defendant. Other courts have agreed with Defendant that there is no private right of action under this statute. *See Anaya v. Advisors Lending Group*, No. CV F 09-1191 LJO DLB, 2009 WL 2424037, at *8 (E.D. Cal. Aug. 5, 2009); *Farner v. Countrywide Home Loans*, No. 08cv2193 BTM(AJB), 2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009). Plaintiff fails to explain why that conclusion should not apply here. Accordingly, the Court grants the motion to dismiss this claim.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to dismiss. The Complaint is hereby dismissed without prejudice against Defendant Ocwen only.

**IT IS SO ORDERED**.

---

[3] California Civil Code § 1572 is entitled "Actual fraud," and sets out what constitutes actual fraud with respect to contracts.

[4] Plaintiff's 17200 claim relies on the same allegations underlying his fraud claims. (*See* Compl. at 18-19.) Because those allegations do not satisfy Rule 9(b), the Court grants the motion to dismiss the 17200 claim, as well. *See Delong v. TaxMasters, Inc.*, No. CV 11-014310ODW (AGRx), 2011 WL 3715251, at *5 (C.D. Cal. Aug. 24, 2011) (stating allegations of fraudulent conduct under § 17200 must satisfy Rule 9(b)).

DATED: September 6, 2011

_____
HON. DANA M. SABRAW
United States District Judge